IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR 02-140-GF-BMM-JTJ |
|---|---|
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| RANDAL SCOTT OLD PERSON, | |
| Defendant. | |

## I. Synopsis

Defendant Randall Scott Old Person (Old Person) has been accused of violating the conditions of his supervised release. The government satisfied its burden of proof with respect to alleged violations 2, 3 and 4. The government withdrew alleged violation 1. Old Person's supervised release should be revoked. Old Person should be placed in custody for 6 months, with 54 months of supervised release to follow.

## II. Status

Old Person pleaded guilty to Aggravated Sexual Abuse on July 17, 2003. (Doc. 45). The Court sentenced Old Person to 210 months of custody, followed by 5 years of supervised release. (Doc. 97). Old Person's current term of

supervised release began on October 26, 2018. (Doc. 127 at 1).

**Petition**

The United States Probation Office filed a Petition on November 4, 2019, requesting that the Court revoke Old Person's supervised release. (Doc. 127). The Petition alleged that Old Person had violated the conditions of his supervised release: 1) by knowingly being in the company of a child under the age of 18 without the prior approval of his probation officer; 2) by failing to successfully complete his sex offender treatment program; 3) by failing to follow the instructions of his probation officer; and 4) by possessing a device that was capable of accessing the internet without the prior approval of his probation officer.

**Initial appearance**

Old Person appeared before the undersigned for his initial appearance on November 7, 2019. Old Person was represented by counsel. Old Person stated that he had read the petition and that he understood the allegations. Old Person waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on November 7, 2019. The

government satisfied it burden of proof with respect to alleged violations 2, 3 and 4. The government proved that Old Person had violated the conditions of his supervised release: 1) by failing to successfully complete his sex offender treatment program; 2) by failing to follow the instructions of his probation officer; and 3) by possessing a device that was capable of accessing the internet without the prior approval of his probation officer. The government withdrew alleged violation 1. The violations that the government proved are serious and warrant revocation of Old Person's supervised release.

Old Person's violations are Grade C violations. Old Person's criminal history category is III. Old Person's underlying offense is a Class A felony. Old Person could be incarcerated for up to 60 months. Old Person could be ordered to remain on supervised release for up to 60 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 5 to 11 months.

### III. Analysis

Old Person's supervised release should be revoked. Old Person should be incarcerated for 6 months, with 54 months of supervised release to follow. The supervised release conditions imposed previously should be continued. This sentence is sufficient but not greater than necessary.

3

## IV. Conclusion

The Court informed Old Person that the above sentence would be recommended to Judge Morris. The Court also informed Old Person of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Old Person that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That Randall Scott Old Person violated the conditions of his supervised release: by failing to successfully complete his sex offender treatment program; by failing to follow the instructions of his probation officer; and by possessing a device that was capable of accessing the internet without the prior approval of his probation officer.

The Court **RECOMMENDS:**

> That the District Court revoke Old Person's supervised release and commit Old Person to the custody of the United States Bureau of Prisons for a term of 6 months, with 54 months of supervised release to follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will

make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 8th day of November, 2019.

John Johnston
United States Magistrate Judge